# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**WOODCREST CONDOMINIUMS V, LLC,** *et al.*,<br><br>Debtors. | Case No.  25-00335-ELG<br>Chapter 11<br>(Jointly Administered) |

## OBJECTION TO DEBTORS' EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Welch Family Limited Partnership Sixteen and Welch Family Limited Partnership Seventeen (collectively, "**WFLP**"), by its undersigned counsel, files this objection ("the "**Objection**") to the Emergency Motion to Continue Hearing on Motion for Relief from the Automatic Stay (the "**Motion to Continue**") filed by Woodcrest Condominiums V, LLC, Woodcrest Condominiums VII, LLC and Woodcrest X, LLC (collectively, the "**Debtors**") and, in support thereof, state as follows:

### I. Procedural Background

1. WFLP filed its Motion for Relief from the Automatic Stay [Docket No. 55] ("**Relief from Stay Motion**") on November 4, 2025.  The Debtors filed their Opposition to the Motion for Relief from Stay [Docket No. 65] ("**Relief from Stay Opposition**") on November 17, 2025.  The Debtors first contested valuation of the Debtors' properties (collectively, the "**Property**") in the Relief from Stay Opposition, over three months ago.

---

Kristen E. Burgers (D.C. Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive
Suite 1350
Tysons, Virginia 22102
Email: KBurgers@hirschlerlaw.com
Telephone (703) 584-8364
Facsimile (703) 584-8901

*Counsel to Welch Family Limited Partnership Sixteen*
*and Welch Family Limited Partnership Seventeen*

2. The initial hearing on the Relief from Stay Motion was held on November 19, 2025. At that hearing, WFLP agreed to continue the hearing on the Relief from Stay Motion for further status pending the outcome of mediation, which ultimately was not successful.

3. On January 14, 2026, the parties appeared before this Court on WFLP's Motion to Classify Bankruptcy Cases as Single Asset Real Estate Cases [Docket No. 98] (the "**SARE Motion**"). At that hearing, after consultation with and input from counsel for both WFLP and the Debtors, this Court scheduled a hearing on the Relief from Stay Motion for 9:30 AM on February 24, 2026 and set the deadline to file exhibit and witness lists as February 19, 2026 and the deadline to file objections to exhibits as February 23, 2026.

4. Hearings on the SARE Motion and the Debtors' Motion to Classify Bankruptcy Cases as Single Asset Real Estate Cases [Docket No. 98] (the "**Plan Exclusivity Motion**") are now also set for February 24, 2026.

II. **Objection to Motion to Continue**

5. The Debtors have had over 90 days from the day the Relief from Stay Motion was filed and 25 days from the date the hearing on the Relief from Stay Motion was scheduled to obtain an appraisal. Had the Debtors diligently pursued obtaining an appraisal, they would have had no problem obtaining a timely appraisal.

6. The Debtors blame their failure to obtain an appraisal on Sam Sherwood, their selected appraiser. In the Declaration of Roger Black (the "**Black Declaration**") attached as Exhibit 2 to the Motion to Continue, Mr. Black states that he "began conversations" with Mr. Sherwood about the appraisal in December 2025. Black Declaration, ¶2.

7. In the following paragraph, Mr. Black states only that he "hired Mr. Sherwood and Colliers." Black Declaration, ¶3. He does not state when he hired Mr. Sherwood, nor does he

-2-

attach an engagement letter or any evidence to support that he formally engaged Mr. Sherwood in a timely manner. In the Motion to Continue, the Debtors, by counsel, state that they began discussions with Mr. Sherwood "late December 2025 to prepare a valuation" and that "[d]iscussions and preparatory work commenced promptly." Motion to Continue, ¶3.

8. The Debtors' and Mr. Black's assertions do not align with the assertions made by Mr. Sherwood in the e-mail from Mr. Sherwood to Mr. Black dated February 18, 2026 and attached as Exhibit 1 to the Motion to Continue (the "**Sherwood E-Mail**"). In the Sherwood E-Mail, Mr. Sherwood states that Colliers "has been engaged to perform an appraisal" but does not provide any details about when Colliers was formally engaged. Mr. Sherwood states that "our discussions regarding an appraisal of the property . . . began in early January" but that he only learned of the February 19, 2026 deadline to submit the appraisal to the Court on February 17, 2026 (i.e., the day before the date of the Sherwood E-Mail). It would be highly unusual for an experienced appraiser such as Mr. Sherwood to not track the litigation dates for submission of an appraisal and attendance at a hearing if he was in fact formally engaged in a timely manner. Again, neither Mr. Black in the Black Declaration nor Mr. Sherwood in the Sherwood E-Mail reference a formal engagement agreement or date on which the formal engagement began.

9. In Paragraph 6 of the Black Declaration, Mr. Black appears to insinuate that Mr. Sherwood either did not or could not complete the appraisal because Mr. Sherwood was "sick and out from his office for nearly a month from January to February 2026." Mr. Sherwood makes no mention of his purported illness in the Sherwood E-Mail, nor does he provide any other explanation as to why he could not timely prepare an appraisal.

10. The Debtors' assertions that they "hired an appraiser early, cooperated fully, and expected timely completion" are highly suspect. Motion to Continue, ¶6. Mr. Black is an

-3-

experienced real estate developer. The Debtors are represented by experienced counsel. It is widely known among experienced professionals (and not-so-experienced professionals) that you must formally engage an appraiser through the execution of an engagement letter and (usually) the lodging of a deposit for (or payment in full of) the cost of the appraisal. The fact that no engagement letter was attached to the Motion to Continue implies that Mr. Sherwood was never formally engaged (or that Mr. Sherwood was engaged much too late to prepare an appraisal in a timely manner).

11. The suspicion that Mr. Sherwood was never formally engaged is further underscored by the fact that the Debtors did not file an application to employ Mr. Sherwood and Colliers to prepare an appraisal and provide testimony.

12. The Debtors state that it is not their fault that they don't have an appraisal or a valuation expert and that the entire matter was not within their control. "The appraiser's withdrawal is (1) entirely unforeseeable, (2) entirely outside the Debtors' control, (3) documented in writing, and (4) in the appraiser's specified abilities (or disabilities) – directly tied to the Court's expedited deadline." Motion to Continue, ¶6. For his part, in paragraph 10 of the Black Declaration, Mr. Black states that "[t]he appraiser's missed deadline was unexpected, outside my control, and could not have been anticipated or avoided despite diligent efforts." These representations are inaccurate at best and disingenuous, intentionally misleading, or fraudulent at worst. It's hard to believe that Mr. Sherwood, a reputable professional, would completely miss a deadline and make no excuse for missing the deadline in the Sherwood E-Mail (especially if he had in fact been ill for nearly a month, as alleged by Mr. Black in the Black Declaration, ¶6). It is also hard to believe that the Debtors and Mr. Black were diligent in their communications with Mr. Sherwood. If the communications were on a regular basis (even if only in the week or two

before the deadline to file exhibits), Mr. Sherwood would have completed his appraisal *or* the Debtors and Mr. Black would have known sooner that the appraisal would not be completed in time and could have raised the issue with the Court earlier.  As noted above, the alleged "documentation" (presumably the Sherwood E-Mail) is inadequate and carefully drafted so that neither the Debtors nor Mr. Sherwood take responsibility for the missed deadline.  The Sherwood E-Mail is more telling for what it does not say than for what it actually says – there is no mention in the Sherwood e-mail of the date of engagement, the purported illness, or the reason why an appraisal is not ready.  Finally, there is no "expedited deadline" set by the Court.  When the hearing on the Relief from Stay Motion was scheduled, WFLP, by counsel, requested an earlier hearing date.  The Debtors, by counsel, stated that they needed time to obtain an appraisal.  Based on that representation, the Court set a hearing date 41 days out, which would be plenty of time to obtain an appraisal if Mr. Sherwood had actually been engaged shortly after the hearing was scheduled.

13.     The Debtors' game throughout the pendency of these bankruptcy cases has been to kick the can down the road and buy time.  The Debtors have now been in bankruptcy for over six months and with no substantive progress towards a reorganization, sale of the Property, or other resolution of these matters. In the meantime, WFLP has been forced to wait patiently for the process to play out, with the balance of the loans accruing interest at approximately $1,000 a day, while the Debtors continue to portray themselves as victims.  The ability to get a timely appraisal was completely within the Debtors' control.  They just didn't do it.  There's no excuse for it, and they should not now be rewarded for their delay with a continuance of the hearing on the Motion for Relief from Stay.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

WHEREFORE, WFLP respectfully requests that the Debtors' Emergency Motion to Continue Hearing on Motion for Relief from the Automatic Stay be denied and that the hearing on the Motion for Relief from the Automatic Stay proceed as scheduled at 9:30 a.m. on February 24, 2026.

Dated: February 23, 2026    Respectfully submitted,

/s/ *Kristen E. Burgers*
Kristen E. Burgers (D.C. Bar No. 500674)
HIRSCHLER FLEISCHER, PC
1676 International Drive
Suite 1350
Tysons, Virginia 22102
Email: KBurgers@hirschlerlaw.com
Telephone (703) 584-8364
Facsimile (703) 584-8901

*Counsel to Welch Family Limited Partnership Sixteen and Welch Family Limited Partnership Seventeen*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I caused a copy of the foregoing Objection to Debtors' Emergency Motion to Continue Hearing on Motion for Relief from the Automatic Stay to be served via the Court's CM/ECF system on all registered ECF participants.

*/s/ Kristen E. Burgers*
Kristen E. Burgers